UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SHERRIE DERRICK,

       Plaintiff,                                    Civil No. 07-631-HA

       v.                                                   OPINION AND ORDER

SANTA FE NATURAL TOBACCO
COMPANY, INC., a New Mexico corporation,

       Defendant.

---

HAGGERTY, Chief Judge:

       Defendant moves to compel arbitration and dismiss plaintiff's Complaint, or in the

alternative to stay these proceedings pending arbitration in reliance upon an employment

agreement struck between the parties. Plaintiff opposes this motion on grounds that defendant's

arbitration agreement is unenforceable as a matter of law. For the following reasons, the Motion

to Compel Arbitration [7] is granted.

**BACKGROUND**

Plaintiff alleges unlawful retaliation for opposing sexual harassment in violation of 42

U.S.C. § 2000e-3(a) and O.R.S. 659A.030 against her former employer. Defendant is a tobacco

product manufacturer. Plaintiff was hired by defendant in June 1998, and entered into an

employment contract providing that disputes arising out of plaintiff's employment were subject

to mandatory arbitration:

> Any dispute arising out of or relating to this Agreement or the
> performance thereof will be resolved by binding arbitration under
> the rules of the American Arbitration Association as then in effect.
> All such disputes are subject to this provision, including, but not
> limited to, issues surrounding wages, benefits, discipline, and any
> claims, demands or actions under Title VII of the Civil Rights Act
> of 1964, the Civil Rights Act of 1866, the Age Discrimination in
> Employment Act, the Older Workers Benefit Protection Act, the
> Rehabilitation Act of 1973, the Americans with Disabilities Act,
> the Employee Retirement Income Security Act of 1974, and all
> amendments thereto, and any other federal, state or local statute,
> regulation or common law doctrine, regarding employment
> discrimination, conditions of employment or termination of
> employment. This provision does not create or destroy any rights;
> it merely changes the forum in which those rights will be resolved.
> The employment relationship is still an at-will relationship,
> terminable at the will of either party. The arbitrator may award
> counsel fees, costs and expenses to the prevailing party. Such
> arbitration shall take place in Santa Fe, New Mexico.

Declaration of Mary P. Ialongo (Ialago Decl.), Attach. 1 (the 1998 Employment Agreement).

Plaintiff voluntarily resigned from her position as an Account Executive for defendant in

September 1999. Plaintiff was rehired as an Account Executive on October 15, 2001. Ialongo

Decl. at 6. Plaintiff signed another employment contract containing an arbitration clause

identical to that in the 1998 Employment Agreement. Ialongo Decl., Attach. 3. (the 2001

Employment Agreement). Defendant contends that because plaintiff's claims arise out of her

termination pursuant to the terms of the parties' 2001 Employment Agreement, they are subject

to the binding arbitration provision of that agreement and should be referred to arbitration

instead of proceeding in this court.

**STANDARDS**

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq*., states, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of
> another to arbitrate under a written agreement for arbitration may
> petition any United States district court . . . for an order directing
> that such arbitration proceed in the manner provided for in such
> agreement . . . .  The court shall hear the parties, and upon being
> satisfied that the making of the agreement for arbitration or the
> failure to comply therewith is not in issue, the court shall make an
> order directing the parties to proceed to arbitration in accordance
> with the terms of the agreement . . . .

9 U.S.C. § 4.

The FAA mandates enforcing arbitration agreements where such agreements are (1)

written; (2) part of a contract or transaction involving interstate commerce; and (3) valid under

general principles of contract law.  9 U.S.C. § 2.  "It is well settled that federal courts favor

arbitration and will give liberal construction to arbitration clauses in contracts." *Pauly v.*

*Biotronik, GmbH*, 738 F. Supp. 1332, 1335 (D. Or. 1990).

**ARGUMENT**

Plaintiff contends that the 2001 Employment Agreement "reflects a prior employment

relationship with a prior business entity" and argues that although she signed it, the contract was

voided because defendant underwent two ownership changes.  Pls. Resp. at 2.  Plaintiff argues

that she was required to reapply for employment in 2002 during one of those ownership changes,

and that when she did so, the 2001 Employment Agreement was no longer in effect.  *Id*.

Alternatively, plaintiff contends that the court should apply Oregon law in evaluating the validity of the arbitration clause at issue, and that under Oregon law the arbitration clause should be declared substantively unconscionable and unenforceable due to a fee-shifting provision and a forum selection provision. *Id*. at 4.

Plaintiff's challenges are without merit.

Plaintiff's theory that the arbitration clause should be construed as void because of "ownership changes" in 2002 is unpersuasive. Plaintiff presents no substantive evidence that she resigned and reapplied for her position after defendant merged in 2002 with a subsidiary of RJ Reynolds Tobacco Holdings Company. An absence of objective evidence establishing an alleged termination of employment is fatal to an employee's contention that an arbitration agreement is void because of that alleged termination. *Coughlin v. Shimizu Am. Corp.*, 991 F. Supp. 1226, 1229 (D. Or. 1998) (lack of evidence that an employee resigned or was told that he was terminated, coupled with payroll and other employer evidence of continuous employment warrants rejection of employee's argument that a prior arbitration clause is void).

Defendant's employment records contain no independent evidence that plaintiff resigned or was told by defendant that she was terminated when the RJ Reynolds merger occurred, or that her employment after she accepted the terms of the 2001 Employment Agreement was interrupted. Moreover, there is no evidence or plausible argument presented that this merger affected the enforceability of the arbitration provision in the parties' 2001 Employment Agreement. Plaintiff's arguments to the contrary are rejected.

Further, and alternatively, it appears that plaintiff's objections to enforcement of the arbitration clause arise out of her challenge to the validity of her employment contract with

defendant. When a plaintiff's challenge "is not to the arbitration provision itself but, rather, to the validity of the entire contract, then the issue of the contract's validity should be considered by an arbitrator in the first instance." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1277 (9th Cir. 2006) (*en banc*) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-446 (2006).

Plaintiff also objects to the arbitration clause within the employment contract specifically, and argues that under Oregon law the clause should be declared substantively unconscionable and unenforceable due to fee-shifting and forum selection provisions. This argument is also rejected. Defendant concedes that this court should apply Oregon law to determine the validity and enforceability of the arbitration clause. Dfts. Reply at 8.

Under Oregon law, unconscionability is evaluated by examining "the facts as they existed at the time the contract was formed." *Sprague v. Quality Restaurants Northwest, Inc.*, 162 P.3d 331, 333 (Or. Ct. App. 2007) (citing *Best v. U.S. Nat'l Bank*, 739 P.2d 554 (Or. 1987)). The party asserting unconscionability bears the burden of demonstrating that the arbitration clause is unconscionable. *Id*. (citation omitted). Oregon courts consider both procedural unconscionability (contract formation) and substantive unconscionability (contract terms), and consider a number of factors in making these evaluations:

> The primary focus . . . appears to be relatively clear: substantial disparity in bargaining power, combined with terms that are unreasonably favorable to the party with the greater power may result in a contract or contractual provision being unconscionable. Unconscionability may involve deception, compulsion, or lack of genuine consent, although usually not to the extent that would justify rescission under the principles applicable to that remedy. The substantive fairness of the challenged terms is always an essential issue.

*Vasquez-Lopez v. Beneficial Oregon, Inc.*, 152 P.3d 940, 948 (Or. Ct. App. 2007) (quoting *Carey*

*v. Lincoln Loan Co.*, 125 P.3d 814, 828 (Or. Ct. App. 2005), *aff'd*, 157 P.3d 775 (2007); *see also*

*Sprague*, 162 P.3d at 334.

Procedural unconscionability is not demonstrated merely because an employee did not

negotiate any of the language in an employment agreement; unequal bargaining power, by itself,

is insufficient to establish that an agreement is unconscionable. *Stations West, LLC v. Pinnacle*

*Bank of Oregon*, Civil No. 06-1419-KI, 2007 WL 1219952, at \*5 (D. Or. April 23, 2007); *see*

*also Sprague*, 162 P. 3d at 334 (an arbitration agreement is common and might not be any more

unconscionable than the typical employment, consumer, or service contracts that are features of

contemporary commercial life that Oregonians sign and Oregon courts enforce).

Plaintiff first argues that the 2001 Employment Agreement should be deemed

unconscionable because its implied terms could be construed as "requiring" plaintiff to pay

arbitrator's fees.  Under Oregon law, an arbitration agreement requiring an employee to pay

arbitrator's fees is invalid. *Torrance v. Aames Funding Corp.*, 242 F. Supp. 2d 862, 874 (D. Or.

2002) (arbitration is supposed to be a reasonable substitute for a judicial forum, and an applicant

for employment cannot be required to arbitrate public law claims if the arbitration agreement

requires the employee to pay all or part of the arbitrator's fees and expenses) (quotations and

citations omitted).

Both parties agree that the 2001 Employment Agreement is silent on the question of

paying arbitration fees.  Plaintiff attempts to meet her burden of demonstrating that the

arbitration clause is unconscionable by speculating that because the Agreement provides that the

"rules of the American Arbitration Association as then in effect" apply, the Agreement's silence

as to fees invokes the Labor Arbitration Rules of the American Arbitration Association ("AAA

Rules") that mandate that the arbitrator's fees "shall be borne equally by the parties . . . ."  Pls.

Resp. at 4-5 (internal citations omitted).  Essentially, plaintiff argues that because the 2001

Employment Agreement was otherwise silent on who would bear the costs of arbitration, the

AAA Rules' general guidance on fee-splitting must apply.  *Id*.

An Oregon court has already concluded that an arbitration clause that is silent on the

question of fee allocation is not *per se* unconscionable.  *See Motsinger v. Lithia Rose-FT, Inc.*,

156 P.3d 156, 162 (Or. Ct. App. 2007).  The *Motsinger* court relied upon the reasoning presented

in  *Green Tree Financial Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000), in which the Supreme

Court considered an arbitration clause that was silent as to arbitration costs and held that silence

as to which party will bear the costs of arbitration is insufficient to render an arbitration clause

unenforceable.

The *Motsinger* court agreed with the Supreme Court's reasoning that because the party

bearing the burden of demonstrating that the arbitration clause was unconscionable failed to

produce evidence that she would be subject to the costs of arbitration, or what those costs might

be, invalidating the arbitration agreement was not warranted.  *Motsinger*, 156 P.2d at 162

(quoting *Green Tree*, 531 U.S. at 90-91).  The Oregon court adopted the Supreme Court's

conclusion that  an arbitration agreement's silence on the who would bear the cost of arbitration,

alone, is "plainly insufficient to render it unenforceable," and the possibility that a plaintiff could

be "saddled with prohibitive costs is too speculative to justify invalidation of an arbitration agreement." *Id*. (quoting *Green Tree*, 531 U.S. at 90-91). The court agrees with this reasoning.[1]

Next, plaintiff attempts to demonstrate that the arbitration provision is unconscionable because the agreement contains a clause directing that any arbitration subject to the agreement "shall take place in Santa Fe, New Mexico." 2001 Employment Agreement at 4. Plaintiff, an Oregon resident, avers that she cannot afford the travel costs of arranging for herself and her witnesses to attend arbitration in New Mexico.

This contention raises concerns similar to those addressed by the Ninth Circuit in *Nagrampa*. The *Nagrampa* court analyzed California law and concluded that, under the circumstances presented, the parties' unequal bargaining positions resulted "in an oppressive contract of adhesion containing a forum selection clause" that placed venue "only a few miles away" from defendant's headquarters but three thousand miles away from the plaintiff's home. *Nagrampa*, 469 F.3d at 1289. Because the arbitration terms "would require a one-woman franchisee who operates from her home to fly across the country to arbitrate a contract," and incur increased costs associated in having counsel familiar with that forum's law, the forum selection provision was viewed as an unjustified means of maximizing an advantage over the plaintiff. *Id*. at 1289-90 (citations and internal quotations omitted).

The *Nagrampa* court's reasoning is distinguishable from the facts presented here. First, the *Nagrampa* court relied primarily upon California statutory law that is inapplicable here.

---

[1]As noted above, unconscionability is evaluated at the time of an agreement's inception. *Sprague*, 162 P.3d at 333 (citations omitted). Nevertheless, this court's adoption of the *Motsinger* court's reasoning regarding the speculative nature of plaintiff's concerns is somewhat underscored by defendant's related stipulation that it will "pay all filing fees, administrative fees, and arbitrator's fees for any arbitration subject to the parties' agreement." *See* Dfts. Reply at 13.

Moreover, that court was concerned that the forum selection provision at issue placed venue in a location so prohibitively costly to the plaintiff "that she was precluded from participating in the proceeding." *Id*. at 1290. The court also concluded that the out-of-state forum selection might not be enforceable under California law because of, in part, the possible application of California statutory limitations and portions of the California Business Professional Code, as well as California public policy concerns that require "honest disclosures to franchisees." *Id*. These statutory and Professional Code considerations are not at issue here.

The Ninth Circuit provides better guidance as to the facts in this case in its analysis in *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865 (9th Cir. 1991). The *Spradlin* court considered a forum selection clause in an employment contract (as is the case here) and acknowledged that such clauses are enforced if there is no "showing of fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum as to deprive the party seeking to avoid enforcement of a meaningful day in court." *Id*. at 868 (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) and *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984)). Plaintiff fails to make an adequate showing of fraud, overweening bargaining power, or serious inconvenience related to the heretofore agreed-upon New Mexico forum.[2]

"Courts can use their discretion to decide whether enforcement [of a forum selection clause] would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Pauly*, 738 F. Supp. at 1335 (quotation omitted). If a plaintiff fails to offer

---

[2] Plaintiff's argument relies upon the serious inconvenience of incurring travel costs associated with witness appearances. Pls. Resp. at 6. The court notes that there are alternatives to having witnesses testify in person that are now commonly available.

evidence that enforcement of the forum selection clause would be unreasonable and unjust, or so

"gravely difficult and inconvenient" that the plaintiff would for all practical purposes be

deprived of his or her day in court, then the court "uniformly" upholds the challenged forum

selection clause. *Id*. at 1335-36; *see also In re RealNetworks, Inc., Privacy Litig.*, No. 00-C-

1366, 2000 WL 631341, at *6 (N.D. Ill. May 8, 2000) (the designation of any state as a forum is

bound to be distant to some potential litigants, and a distant arbitration forum for some does not

render the arbitration clause substantively unconscionable); *Al- Salamah Arabian Agencies Co.,*

*Ltd. v. Reece*, 673 F. Supp. 748, 751 (M.D.N.C. 1987); *Spring Hope Rockwool v. Indus. Clean*

*Air, Inc.*, 504 F. Supp.1385, 1389 (E.D.N.C. 1981) (*forum non conveniens* doctrine is

inapplicable in the context of arbitrations covered under the FAA).

Plaintiff's concerns about travel costs between Oregon and New Mexico fail to present

gravely difficult and inconvenient circumstances that warrant declaring that the forum selection

clause is unconscionable. The court also notes that further challenges to the meaning of specific

provisions within the parties' Employment Agreement to arbitrate may qualify as matters for the

arbitrator to decide. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)

(procedural questions arising out of the dispute and bearing on its final disposition are for an

arbitrator, not a judge, to decide) (quotation and citation omitted).

After this matter proceeds to arbitration, it is possible that plaintiff may raise viable

challenges to the specific provisions contained in the arbitration clause, including the forum

selection clause to which plaintiff objects. *See Ciago v. Ameriquest Mortgage Co.*, 295 F. Supp.

2d 324, 330 (S.D.N.Y. 2003).

Finally, this court concludes that this case must be dismissed with prejudice, rather than stayed. Plaintiff's action is covered wholly by the arbitration provision to which the parties agreed. In cases in which a court decides that the arbitration agreement is valid and enforceable, it may either stay or dismiss the action. *Nagrampa*, 469 F.3d at 1276. Dismissal is proper under Section 3 of FAA "when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Intl. Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001). This is consistent with the "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983); *Pauly*, 738 F. Supp. at 1335. (D. Or. 1990).

**CONCLUSION**

This court has considered each of plaintiff's objections to defendant's Motion to Compel Arbitration and Dismiss the Complaint [7]. Those objections are overruled, and defendant's Motion is GRANTED. For the reasons provided, plaintiff must seek arbitration for her claims in compliance with the Employment Agreements she entered into with defendant. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this __12th__ day of October, 2007.

   _/s/Ancer L. Haggerty_____

Ancer L. Haggerty
United States District Judge